UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HERBERT S. POWELL, | : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, | : | **OPINION** |
| v. | : | Civil Action No. 07-CV-3417 (DMC) |
| UNITED STATES OF AMERICA, | : | Criminal No. 03-CR-0187 (JWB) |
| Respondent. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court on a petition for writ of *habeas corpus* by Herbert S. Powell ("Petitioner") pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After careful consideration of the pleadings submitted in support thereof, and the papers submitted in opposition thereto by United States of America ("Respondent"), and for the reasons set forth below, the said petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 is hereby **denied**.

I.    BACKGROUND

    On November 23, 2003, a grand jury in Newark, New Jersey, returned a six-count superseding indictment charging Petitioner, Rickey Boyd and Latasha Battle with multiple counts of bank fraud and one count of conspiracy to commit bank fraud. The charges were filed against Petitioner in connection with his participation in a multi-state scheme to defraud several financial institutions. On February 17, 2004, the day before the trial was set to commence, Petitioner appeared before Hon. John W. Bissell and pled guilty to one count of bank fraud and one count of conspiracy to commit bank fraud. Pursuant to a written plea agreement, Petitioner stipulated to

a total offense level of 21. His total offense level coupled with his level V criminal history category resulted in an advisory sentencing guideline ranging from seventy to eighty-seven months. On January 28, 2005, Judge Bissell conducted a sentencing hearing and lowered Petitioner's total offense to level 16. Petitioner was thereafter sentenced to a term of fifty-six months imprisonment on Counts One and Two, with such sentences to be served concurrently and consecutive with Petitioner's imprisonment under Indictment #98-70-0718, New Jersey Superior Court.

In a motion dated March 17, 2005, Petitioner's trial counsel moved to be relieved as assigned counsel and on April 8, 2005, the Third Circuit Court of Appeals granted the motion. Robert Little was thereafter appointed as Petitioner's appellate counsel. On September 14, 2005, Little filed a motion to withdraw as appellate counsel pursuant to Anders v. California, arguing that there were no good-faith arguments to be raised on appeal. See 386 U.S. 738 (1967). On or about November 23, 2005, Petitioner filed an informal brief with the Third Circuit, alleging three grounds for appeal: (1) violation of his right to a speedy trial; (2) ineffective assistance of counsel; and (3) the sentencing court wrongly departed from the adjusted guideline range. On December 21, 2005, Respondent filed a response to Petitioner's Anders brief. The following year, on August 1, 2006, the Third Circuit affirmed the District Court's judgment and granted Little's motion to withdraw. On August 3, 2006, Petitioner attempted to file a motion to amend his brief. Thereafter, on August 18, 2006, Petitioner filed a motion for leave to file exhibits to his petition for re-hearing. The motion, however, was denied on August 22, 2006. Petitioner filed a petition for *en banc* rehearing, which was denied by an Order dated September 11, 2006. On July 23, 2007, Petitioner filed the instant petition.

## II. DISCUSSION

There are three issues before this Court: (1) whether the District Court has the authority to toll the term of supervised release; (2) whether the sentencing court abused its discretion by refusing and/or failing to consider Petitioner's requested prison time credit; and (3) whether Petitioner's Sixth Amendment rights were violated because his counsel was constitutionally ineffective and incompetent.

### A. Tolling the Term of Supervised Release and Claims Regarding Alleged Errors at Sentencing

Petitioner alleges that (1) the District Court lacked the requisite authority to toll the term of his supervised release; and (2) the Sentencing Court abused its discretion by refusing and/or failing to consider his requested prison time credit. Petitioner raises these claims in his 28 U.S.C.S. § 2255 petition seeking to vacate his sentence. As a general rule, however, Petitioner should have raised these claims on direct appeal or in earlier motions. See United States v. Massaro, 538 U.S. 500, 504 (2003); United States v. Frady, 456 U.S. 152, 158 (1982). To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must satisfy a significantly higher hurdle and show both (1) "cause" excusing his double procedural default; and (2) "actual prejudice" resulting from the errors of which he complains. See id. Petitioner has not brought forth any evidence to satisfy this standard and has, therefore, waived these claims.

3

**B.     Sentencing Counsel's Failure to Object to Court's Order to Toll Petitioner's Supervised Release Term and Failure to Inform the Court That it Had Authority Pursuant to 5G1.3(c) to Grant Petitioner Prison Time Credit**

No procedural default arises from failure to raise an ineffective assistance claim on direct appeal. See Massaro, 538 U.S. at 503. Therefore, Petitioner's ineffective assistance claim can proceed. Petitioner alleges that counsel was ineffective for (1) failing to object to the District Court's order that Petitioner's three-year supervised release term would be tolled during periods in which he was outside of the country; and (2) failing to alert the Court that it had the authority pursuant to 5G1.3(c) to grant Petitioner prison time credit for his pre-sentencing incarceration. Section 2255 relief via an ineffective assistance claim requires the claimant to show, by a preponderance of the evidence, that (1) "his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms," United States v. Day, 969 F.2d 39, 41-42 (3d Cir.1992) (citing Strickland v. Wash., 466 U.S. 668, 687-91 (1984)); and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Strickland, 466 U.S. at 694; see also Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  The Third Circuit has "read Strickland as requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant." McAleese v. Marzurkiewicz, 1 F.3d 159, 170-71 (3d Cir. 1993). Also, the Strickland prongs are conjunctive, so for an ineffective assistance of counsel claim, a petitioner must satisfy both of these prongs. See Strickland, 466 U.S. at 697; Nino, 878 F.2d at 104.

Petitioner's arguments regarding why counsel was ineffective fail to demonstrate that Petitioner was prejudiced or that the outcome of his case would have been different, by a reasonable degree of probability, but for counsel's allegedly ineffective assistance.

First, it was not impermissible for the Court to toll Petitioner's supervised release term for the time periods in which he was abroad. Petitioner presents authority that the Second, Sixth and Eighth circuits find it impermissible for a district court to toll a term of supervised release. The Third Circuit, however, has not yet addressed this issue, so this Court has no binding authority to which to turn in deciding whether to toll Petitioner's supervised release term. Since the District Court acted within its authority, Petitioner cannot show with reasonable probability that if not for counsel's failure to object, the outcome would have been different.

Second, counsel was not ineffective for failing to inform the Court that it had authority pursuant to 5G1.3(c) to grant Petitioner prison time credit because the Court did not have jurisdiction over this matter. 18 U. S.C. § 3585 assigns determination of custody credits solely to the Attorney General through the Bureau of Prisons ("BOP"). See United States v. Wilson, 503 U.S. 329 (1992). The Third Circuit has held that a Petitioner must first exhaust all administrative remedies with the BOP before seeking judicial review from the courts. See United States v. Brann, 990 F.2d 98 (3d Cir. 1993). Therefore, counsel's failure to notify the Court of this mater is irrelevant.

Petitioner has failed to show that he was prejudiced by the assumed deficient conduct of his sentencing counsel. Additionally, he has failed to show with reasonable probability that the outcome of his case would have been different but for counsel's alleged errors. Therefore, Petitioner cannot obtain § 2255 relief via an ineffective assistance claim.

### III.   CONCLUSION

For the reasons stated, Petitioner's request for *habeas corpus* pursuant to 28 U.S.C. § 2255 is **denied**.

                                       S/ Dennis M. Cavanaugh
                                       Dennis M. Cavanaugh, U.S.D.J.

Date:         November 26, 2007
Original:     Clerk
Cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File