NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| HERBERT S. POWELL, : | **Hon. Dennis M. Cavanaugh** |
| Petitioner, : | **OPINION** |
| v. : | Civil Action No. 07-CV-3417 (DMC) |
| UNITED STATES OF AMERICA, : |  |
| Respondent. : |  |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon an Order of the United States Court of Appeals for the Third Circuit for a certificate of appealability pursuant to Fed. R. Civ. P. 54(b). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Based upon the following, it is the finding of this Court that certification for appeal of this Court's November 26, 2007 Opinion and Order is **denied**.

**I.   BACKGROUND**

      On November 23, 2003, a grand jury in Newark, New Jersey, returned a six-count superseding indictment charging Herbert S. Powell ("Petitioner"), Rickey Boyd and Latasha Battle with multiple counts of bank fraud and one count of conspiracy to commit bank fraud. The charges were filed against Petitioner in connection with his participation in a multi-state scheme to defraud several financial institutions. On February 17, 2004, the day before the trial was set to commence, Petitioner appeared before Hon. John W. Bissell and pled guilty to one count of bank fraud and one count of conspiracy to commit bank fraud. Pursuant to a written plea agreement, Petitioner stipulated to a total offense level of 21. His total offense level, coupled with his level V criminal history

category, resulted in an advisory sentencing guideline ranging from seventy to eighty-seven months. On January 28, 2005, Judge Bissell conducted a sentencing hearing and lowered Petitioner's total offense to level 16. Petitioner was thereafter sentenced to a term of fifty-six months imprisonment on Counts One and Two, with such sentences to be served concurrently and consecutive with Petitioner's imprisonment under Indictment #98-70-0718, Superior Court of New Jersey.

In a motion dated March 17, 2005, Petitioner's trial counsel moved to be relieved as assigned counsel, and on April 8, 2005, the United States Court of Appeals for the Third Circuit granted the motion. Robert Little was thereafter appointed as Petitioner's appellate counsel. On September 14, 2005, Little filed a motion to withdraw as appellate counsel pursuant to Anders v. California, arguing that there were no good-faith arguments to be raised on appeal. See 386 U.S. 738 (1967). On or about November 23, 2005, Petitioner filed an informal brief with the Third Circuit, alleging three grounds for appeal: (1) violation of his right to a speedy trial; (2) ineffective assistance of counsel; and (3) the sentencing court wrongly departed from the adjusted guideline range. On December 21, 2005, the Government filed a response to Petitioner's Anders brief. The following year, on August 1, 2006, the Third Circuit affirmed the District Court's judgment and granted Little's motion to withdraw. On August 3, 2006, Petitioner attempted to file a motion to amend his brief. Thereafter, on August 18, 2006, Petitioner filed a motion for leave to file exhibits to his petition for re-hearing. The motion, however, was denied on August 22, 2006. Petitioner filed a petition for *en banc* rehearing, which was denied by an Order dated September 11, 2006. On July 23, 2007, Petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 to vacate, set aside or otherwise correct his sentence, which this Court denied on November 26, 2007.

This matter comes before the Court upon the Third Circuit's Order for a certificate of appealability pursuant to Fed. R. App. P. 22(b).

**II.     DISCUSSION**

Fed. R. App. P. 22(b) provides, in relevant part,

> (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.
> (2) A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.
> (3) A certificate of appealability is not required when a state or its representative or the United States or its representative appeals.

Fed. R. App. P. 22(b); 28 U.S.C. § 2253.  It is within this Court's discretion to determine whether to grant the certificate of appealability.  Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it

3

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In the current case, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that certification for appeal is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: July 8, 2007
Orig.: Clerk
cc: All Counsel of Record
Hon. Mark Falk, U.S.M.J.
File

4